**Electronically Filed**
**Supreme Court**
**SCPW-12-0000401**
**04-MAY-2012**
**10:04 AM**

NO. SCPW-12-0000401

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

———————————————————————————

ARNA LAHELA JOHNSON and GERALYN LAPITAN CAMARILLO,
individually and as co-trustees of the Camarillo-Johnson Trust,
Petitioners,

vs.

THE HONORABLE HILARY B. GANGNES, JUDGE OF THE DISTRICT
COURT OF THE FIRST CIRCUIT, STATE OF HAWAI'I; and
BANK OF NEW YORK MELLON, Respondents.

———————————————————————————

ORIGINAL PROCEEDING
(Civil No. 1RC 10-1-10634)

ORDER
(By: Nakayama, Acting C.J., Acoba, Duffy, and McKenna, JJ. and
Circuit Judge Chan, in place of Recktenwald, C.J., recused)

Upon consideration of petitioners Arna Lahela Johnson
and Geralyn Lapitan Camarillo's petition for a writ of mandamus
and the papers in support, it appears that the April 5, 2012
order denying petitioners' post-judgment "motion to vacate
orders" is a final order of the district court appealable
pursuant to HRS § 641-1(a). Petitioners can obtain appellate
review of the April 5, 2012 order and can seek a stay pending
appeal of the execution of the writ of possession pursuant to
HRAP Rule 8. Therefore, petitioners are not entitled to mandamus
relief. See Kema v. Gaddis, 91 Hawai'i 200, 204, 982 P.2d 334,

338 (1999) (A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action.  Such writs are not intended to supersede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedures).  Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED:  Honolulu, Hawaiʻi, May 4, 2012.

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Sabrina S. McKenna

/s/ Derrick H.M. Chan

2